## STATE v MERCER

Juvenile Court, Licking Co

No 811.

## OPINION

By ASHCRAFT, J.

This case came into this Court March 1, 1941, on the application of Pauline Divan asking for a modification of a former order of the Court made on the 9th day of September, 1935, wherein the defendant Raymond Mercer was ordered to pay the sum of Ten Dollars ($10.00) per month for the support of Roland Eugene Divan, wherein said defendant plead guilty and was ordered to pay said sum of $10.00 per month for the support of said child.

A Bastardy action, being case No. 26197, namely, State of Ohio, ex rel Pauline Divan v Raymond Mercer, was tried on October 13, 1932 and resulted in the jury bringing in a verdict of guilty, finding Mercer to be the father of the child. In that case the State of Ohio was plaintiff, and Raymond Mercer was defendant.

To this action the defendant Raymond Mercer filed a motion asking that a blood grouping test be made, in order to determine the paternity of the child under §12122-2 GC, which was passed by the General Assembly, September 2, 1939.

After a full and complete hearing, argument of counsel and an examination of the briefs submitted by both parties, the Court is of the opinion that said motion for a blood grouping test, as provided in said §12122-2 GC was not well taken, and should be, and is overruled.

As noted the bastardy proceedings in this case determined in the Common Pleas Court by a jury bringing the verdict of guilty and finding Raymond Mercer, the defendant, to be the father of said child; which case wherein the State of Ohio was plaintiff and Raymond Mercer the defendant, was tried on October 13, 1932, and §12122-2 was not passed until September 1939.

To hold otherwise would mean that the paternity of every child, whether legitimate or illegitimate, and whether it had been determined in a bastardy proceedings or not, could be questioned by this blood grouping test as per §12122-2.

This Court does not believe that it was the intention of the Legislature in passing said Section, so to do.

The case of The State of Ohio v Swartz, 137 Oh St 371, 30 N. E. (2d) 551 quoted under §12110 GC is commented upon by the defendant and in our opinion applies to the admission of testimony in a bastardy proceedings.

It is interesting to note that the Legislature of the State of Ohio, and at the instance and suggestion of the Probate Judges' Association, amended §12123 GC to cure the decision made in the Swartz case. This Section as amended is found in the Supplement, and was effective September 5, 1941. " * ˟ * provided further, that in any such prosecution the adjudication that accused is the reputed father of the illegitimate child or children shall be admissible in evidence; and provided further that the acquittal of accused in a bastardy proceeding shall be a bar to any such prosecution."

The Court feels that the defense of "Res Judicata" is one of the controlling factors in this case.

The Court coming on further as to the question whether or not the original order of $10.00 per month was ordered for the support of said child, and after the hearing of the testimony, and the evidence and the argument of counsel, and the brief's submitted, the Court is of the opinion that the application is well taken and that the sum of $10.00 per month is insufficient to maintain the support of said minor Roland Eugene Divan.

The defendant in this case makes good wages as an employee of the B. & O. Railroad Company, and this child is now in school; it is further ordered by the Court that said order be modified and the Court hereby finds and orders said defendant to pay to the mother for the support and maintenance of said child, ten dollars ($10.00) on the 1st, and ten dollars ($10.00) on the 16th day of each month until the further order of this Court. The first payment to be made September 16, 1941.

You will prepare your entries accordingly.

Exceptions noted.